IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CATHERINE DAVID, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV 00-TMP-1826-S |
| MIDLAND MORTGAGE COMPANY, | ) |
| Defendant. | ) |

**ENTERED**
JUN 2 3 2003

### MEMORANDUM OPINION

The defendant, Midland Mortgage Company ("MMC"), filed a motion to dismiss on April 16, 2003, asserting that the plaintiff's sole surviving claim for breach of contract against the defendant is due to be dismissed for lack of subject-matter jurisdiction. The plaintiff filed a response on May 22, 2003. Also pending is a motion for summary judgment[1] filed by the plaintiff on January 14, 2003, which will be rendered moot if the defendant's motion is granted. The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). Accordingly, the court enters this memorandum opinion.

---

[1] Plaintiff filed a brief in support of a motion for summary judgment and an evidentiary submission in support, but failed to file a separate document set forth as a motion. Accordingly, the court deems the brief (court document # 49) to be a motion for summary judgment.



In its motion to dismiss, MMC asserts that it is entitled to judgment in its favor on plaintiff's sole remaining claim because it served upon counsel for the plaintiff an offer of judgment in accordance with Rule 68 of the Federal Rules of Civil Procedure. The offer of judgment was made in the amount of $500. Plaintiff did not respond to the offer of judgment, thereby rejecting it.

MMC asserts that its offer of judgment exceeds the amount of damages plaintiff could be awarded if she prevailed at trial on her breach of contract claim. Defendant cites case law for its proposition that a claim becomes moot when the plaintiff rejects an offer of judgment that includes all relief that could be granted to plaintiff as the result of an adjudication at trial in her favor. Weiss v. Fein, Such, Kahn & Shepard, 2002 WL 449653 *3 (S.D.N.Y. March 22, 2002); Edge v. C. Tech Collections Inc., 203 F.R.D. 85,87 (E.D.N.Y. 2001).

Plaintiff does not dispute, and the court does find, that the amount of the offer of judgment, $500, exceeds the amount of relief that would be available to the plaintiff if she were to prevail at trial on her claim that the defendant breached its contract. As set forth in this court's memorandum opinion entered on defendant's earlier motion for summary judgment, the only relief to which plaintiff would be available if she prevailed at trial would be damages for breach of contract, which would amount to the loss of use of $297.95 in funds taken from her checking account by the

defendant for the period of time until defendant returned the funds to her account. Defendant calculates the value of the loss of use at $6.75, plus $1.66 in prejudgment interest, and plaintiff does not dispute the amount. In any event, it is clear that the amount of plaintiff's damages are substantially less than $500, the amount of the offer of judgment.

The cases cited by the defendant state that where an offer of judgment encompasses "all the available relief sought by plaintiff," plaintiff's rejection of such an offer moots the claim. Weiss at *3. Furthermore, where plaintiff's sole claim is moot, the court lacks subject-matter jurisdiction over the action, and the action is due to be dismissed. Id. See also Edge, 203 F.R.D. at 87-88. Although the cases primarily relied upon by the defendant are class action cases in which a named plaintiff's claims have been rendered moot by an offer of judgment, other non-class cases also support this notion. See Holstein v. City of Chicago, 29 F.3d 1145 (7th Cir. 1994).

In Holstein, the City of Chicago towed the car of one of the plaintiffs, and plaintiff claimed the towing denied him his right to due process. The City offered to pay the plaintiff all of the damages due him, but plaintiff refused the offer of reimbursement and attempted to proceed to trial. The Seventh Circuit Court of Appeals noted: "[Plaintiff] does not argue that the offer does not adequately reimburse him or that the City's offer is insincere.

[He] may not spurn this offer of all the damages he is owed and proceed to trial." Id. at 1147. Similarly, courts have noted that where an offer is made to plaintiff that includes all the relief available, there is no longer an actual case or controversy, and the court lacks jurisdiction. See, e.g., Murphy v. Equifax Check Services Inc., 35 F. Supp. 2d 200, 203-04 (E.D.N.Y. 1999).

Having considered the facts and the applicable law, the court concludes that there exists no case or controversy over which this court has subject-matter jurisdiction. Plaintiff has been offered a judgment that encompasses all of the relief that would be available to her at a trial of her breach of contract claim, and she has rejected the offer. She cannot now choose to proceed to trial. Accordingly, the motion to dismiss (court document # 52) filed by the defendant is due to be granted, and the plaintiff's motion for summary judgment (court document #49) is moot. A separate order will be entered herewith, granting the motion to dismiss, mooting the motion for summary judgment, and dismissing plaintiff's claim.

DATED the 23rd day of June, 2003.

T. MICHAEL PUTNAM
CHIEF MAGISTRATE JUDGE